IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NICOLAS QUINTERO ALVAREZ, ) <br> ) <br>     Petitioner, ) <br> ) <br>     v. ) <br> ) <br> DORA SCHRIRO and ) <br> ARIZONA ATTORNEY GENERAL, ) <br> ) <br>     Respondents. ) <br> _____) | CIV 05-1999 PHX JWS (MEA) <br><br> REPORT AND RECOMMENDATION |

**TO THE HONORABLE JOHN W. SEDWICK:**

On June 8, 2005, Petitioner, who is incarcerated in Pecos, Texas, filed a pro se petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254, challenging his criminal conviction by an Arizona state court.

Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on November 10, 2005. Docket No. 9. Respondents assert that the action for habeas relief was not timely filed and that Petitioner's federal habeas claims were not properly exhausted in the Arizona state courts and are procedurally defaulted and, therefore, that the petition must be denied and dismissed with prejudice.

**I Procedural History**

In November of 1991, Petitioner was convicted *in absentia* by a jury of one count of sexual conduct with a minor in violation of Arizona Revised Statutes Annotated § 13-1405. Answer, Exh. C & Exh. D.  Petitioner was apprehended on a bench warrant on August 31, 1998, and, on December 9, 1998, Petitioner was sentenced to a term of 22 years imprisonment pursuant to his 1991 *in absentia* conviction.  Id., Exh. E.

Petitioner filed a motion to vacate judgment, which was granted by the Superior Court on June 4, 1999.  Id., Exh. F. Petitioner was retried in May of 2000.  Id., Exh. J & K. Petitioner was again found guilty by a jury of one count of sexual conduct with a minor in violation of Arizona Revised Statutes Annotated § 13-1405.  Id., Exh. L.  On June 30, 2000, after considering the aggravating and mitigating circumstances, Petitioner was sentenced to an aggravated term of 22 years imprisonment for this crime.  Id., Exh. M-N.

Petitioner took a direct appeal of this conviction and sentence, and his appointed counsel filed an Anders brief representing to the state court that she could find no meritorious issues to raise on appeal.  Id., Exh. O.  Petitioner filed a pro se appellate brief, styled as a brief in support of a petition for post-conviction relief, on January 11, 2001. Id., Exh. R.  The Arizona Court of Appeals construed the pro se brief as Petitioner's opening brief on direct appeal.  Id., Exh. S at 4.  In his pro se brief, Petitioner asserted only that his rights pursuant to the Fourteenth Amendment were violated by his

lack of access to a law library while incarcerated. Id., Exh. R.  The Arizona Court of Appeals denied Petitioner's appeal in a decision issued February 8, 2001.  Id., Exh. S.  Petitioner did not seek review of this decision by the Arizona Supreme Court.[1]

---

[1] Petitioner did file an untimely motion for reconsideration of the Court of Appeals' decision, which was denied because it was not timely filed.  See Answer at 5.  Additionally, the claim asserted by Petitioner was recently rejected as a basis for a federal habeas relief by the United States Supreme Court in Kane v. Garcia Espitia, which reversed the Ninth Circuit Court of Appeals' conclusion that a state defendant who represents himself at trial has a federal right to access to a law library.

> A necessary condition for federal habeas relief here is that the state court's decision be "contrary to, or involv[e] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Neither the [Ninth Circuit's] opinion below, nor any of the appellate cases it relies on, identifies a source in our case law for the law library access right other than Faretta. See 113 Fed. Appx., at 804 (relying on Bribiesca v. Galaza, 215 F.3d 1015, 1020 (9th Cir. 2000)) (quoting Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir. 1985))...
> The federal appellate courts have split on whether Faretta, which establishes a Sixth Amendment right to self-representation, implies a right of the pro se defendant to have access to a law library. Compare Milton, supra, with United States v. Smith, 907 F.2d 42, 45 (6th Cir. 1990)[]; United States ex rel. George v. Lane, 718 F.2d 226, 231 (7th Cir. 1983) [] That question cannot be resolved here, however, as it is clear that Faretta says nothing about any specific legal aid that the State owes a pro se criminal defendant. The Bribiesca court and the court below therefore erred in holding, based on Faretta, that a violation of a law library access right is a basis for federal habeas relief.
> The judgment below is reversed, and the case is remanded for further proceedings consistent with this opinion.

126 S. Ct. 407, 408-09 (2005).

On February 20, 2001, Petitioner filed a notice of post-conviction relief in the Arizona Superior Court, pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. U. Appointed counsel for Petitioner averred to the state court that he could find no meritorious issues to raise on Petitioner's behalf. Id., Exh. V & Exh. W.  Although Petitioner was given leave to file a pro se petition for post-conviction relief, Petitioner failed to file a petition. The Arizona Superior Court dismissed the Rule 32 action on December 12, 2001, noting Plaintiff's failure to file an actual petition for relief in compliance with the rule. Id., Exh. AA.

Petitioner initiated a second action for post-conviction relief on October 22, 2002. Id., Exh. BB. The Arizona Superior Court concluded that the action was not timely filed and that the claims stated did not fall into any exclusion from the timeliness rule stated in Rule 32.2(b), Arizona Rules of Criminal Procedure and dismissed the petition on November 8, 2002. Id., Exh. CC.[2] The court stated:

> Rule 32.4(a) of the Arizona Rules of Criminal Procedure provides that any notice not timely filed may only raise claims pursuant to Rule 32.1(d),(e), (f), (g) or (h). Defendant has not provided the court with any specifics excusing him from the timeliness requirement, as required by Rule 32.2(b).

Id., Exh. CC at 1.

---

[2] Petitioner asserted he was entitled to relief because he did not receive a complete copy of the trial transcript; because his counsel was ineffective in failing to hire a medical expert and a forensic expert; because of prosecutorial misconduct; and because he had "newly discovered evidence on facts of penetration." Answer, Exh. BB at 3.

-4-

On October 21, 2003, Petitioner filed a third action for post-conviction relief in the Arizona Superior Court. <u>Id.</u>, Exh. DD. The state court dismissed the action on November 19, 2003, finding the claims precluded pursuant to Rule 32.2(a), Arizona Rules of Criminal Procedure. <u>Id.</u>, Exh. EE.[3] Petitioner filed a motion for reconsideration of this decision, which was denied on January 1, 2004. <u>Id.</u>, Exhs. FF & GG. Petitioner sought review of the denial of relief by the Arizona Court of Appeals, which presumably dismissed the request for relief on June 13, 2005. <u>See</u> Case information CR1991-092197 available at the Maricopa County Superior Court website at: www.superiorcourt.maricopa.gov/docket/criminal/caseInfo.[4]

Petitioner filed a fourth notice of post-conviction relief on October 15, 2004, which was dismissed on November 9, 2004. <u>See</u> <u>id.</u> Petitioner appealed this decision to the Arizona Court of Appeals, which denied review in a decision issued November 15, 2005. <u>See</u> <u>id.</u> In the interim, Petitioner filed his federal habeas petition on June 8, 2005.

---

[3] Petitioner asserted his conviction and sentence were improper because of errors in allowing and excluding testimony; because of errors in the presentence report process; because his sentence was improperly aggravated; and because his counsel was ineffective for failing to acquire expert medical testimony to rebut the state's expert's testimony. Answer, Exh. DD.

[4] Respondents note the ambiguity regarding Petitioner's appeals of the trial court's denial of his third action for post-conviction relief. <u>See</u> Answer at 5 n.3. Because the resolution of this issue does not affect the timeliness of the habeas petition, the Court will use the information available from the Maricopa County Superior Court database.

**II Analysis**

**A. Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA requires state prisoners whose convictions become final after April 24, 1996, to file any petition for federal habeas corpus relief within one year of the date that their state court conviction becomes "final." See 28 U.S.C. § 2244(d)(1)(A) (1994 & Supp. 2005) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The federal habeas petition "must be filed within one year of the latest of the date on which ... the judgment became final after the conclusion of direct review or the time passed for seeking direct review ..." Id. The running of this one-year statute of limitations is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. See id. § 2244(d)(2); see also Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997), overruled on other grounds by Calderon v. Kelly, 163 F.3d 530 (9th Cir. 1998) (en banc).

Therefore, the one-year statute of limitations on Petitioner's action for federal habeas relief began to run on

1  May 8, 2001, when the time expired for seeking certiorari from
2  the United States Supreme Court at the conclusion of state court
3  proceedings on Petitioner's direct appeal.  See Wixom v.
4  Washington, 264 F.3d 894, 897 (9th Cir. 2001); Bowen v. Roe, 188
5  F.3d 1157, 1158-59 (9th Cir. 1999);[5] Rhine v. Boone, 182 F.3d
6  1153, 1155-56 (10th Cir. 1999).

7       On May 8, 2001, when his conviction became final for
8  the purpose of beginning the running of the statute of
9  limitations on his federal habeas action, Petitioner had a
10 timely filed petition for post-conviction relief pending in the
11 Arizona state courts, which tolled the statute of limitations
12 until December 12, 2001, when the Arizona Superior Court
13 dismissed the petition for relief.  Petitioner had thirty days
14 to seek review of this decision by the Arizona Court of Appeals
15 and, therefore, the statute of limitations on his federal action
16 was further tolled until January 10, 2002.  See Gibson v.

---

[5] Several United States Circuit Courts of Appeal, and one published opinion issued by the United States District Court for the District of Arizona, have concluded that the relevant statute of limitations begins to run on a federal habeas action when a petitioner stands convicted by a state court and the time for seeking certiorari by the United States Supreme Court expires, regardless of whether or not the petitioner actually sought certiorari.  See Biggs v. Duncan, 339 F.3d 1045, 1047 (9th Cir. 2003); White v. Klitzkie, 281 F.3d 920, 924 (9th Cir. 2002); David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2002); Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998); Wilson v. Greene, 155 F.3d 396, 400 (4th Cir. 1998); Ross v. Artuz, 150 F.3d 97, 98 (2nd Cir. 1998); Souch v. Harkins, 21 F. Supp. 2d 1083, 1084-85 (D. Ariz. 1998); Smith v. Lord, 230 F. Supp. 2d 288, 291 (E.D.N.Y. 2002); Moore v. Hawley, 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998).  See also Lambrix v. Singletary, 520 U.S. 518, 527, 117 S. Ct. 1517, 1525 (1997) (noting that the defendant's conviction became final when his time for filing a petition for a writ of certiorari expired).

Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is not final until the time for seeking review expires, the word "pending" includes that time period, whether or not such review is sought, and collecting cases so holding). See also Johnson v. McCaughtry, 265 F.3d 559, 563 n.3 (7th Cir. 2001) (declining to decide issue but collecting cases so holding).

The one-year statute of limitations then ran against Petitioner from January 10, 2002, and expired on January 9, 2003, and, therefore, Petitioner's federal habeas action, filed June 8, 2005, was not filed within the applicable statute of limitations.

Pursuant to a recent decision of the United States Supreme Court, the statute of limitations was not tolled on October 22, 2002, when Petitioner initiated his second state action for post-conviction relief, because the Arizona court concluded this action was not timely filed. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1811-14 (2005); Bonner v. Carey, 425 F.3d 1145, 1146 (9th Cir. 2005). Additionally, any further state court action filed after January 9, 2003, could not revive the already-expired time limit for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823

(9th Cir.), cert. denied, 124 S. Ct. 328 (2003); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Additionally, equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner has not established that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition.

**B. Exhaustion**

Should the Court conclude that Petitioner is entitled to equitable tolling of the statute of limitations, the petition may also be denied without reaching the merits of the claims asserted because Petitioner failed to properly exhaust his federal habeas claims in the state courts.

A state prisoner must "exhaust," in state court, the claims raised in his petition for federal habeas relief, before

this Court may consider the merits of the prisoner's application for relief. See Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989). To properly exhaust his claims in the state courts, the petitioner must afford the state the opportunity to rule upon the merits of each federal constitutional claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). In 1999, the Ninth Circuit Court of Appeals concluded that, in Arizona, in the context of a petitioner who is not sentenced to death or life in prison, the "highest court" requirement is satisfied if the petitioner has presented his claims to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir.), cert. denied, 126 S. Ct. 348 (2005).

Petitioner did not properly exhaust his claims in the state courts because Petitioner did not fairly present any of his federal habeas claims to the Arizona Court of Appeals as asserting a claim for violation of a specific federal constitutional right, either in his direct appeal or in a properly-filed action for post-conviction relief. Because Petitioner did not fairly present his federal habeas claims to the Arizona Court of Appeals as federal constitutional claims in a procedurally correct manner, Petitioner has not properly

-10-

exhausted his federal habeas claims.

### 2. Procedural default

Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file an action for federal habeas relief, it is also satisfied if the habeas petitioner is procedurally barred from pursuing their claim in the state courts. See 28 U.S.C. § 2254(c) (1994 & Supp. 2005); Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Gray, 518 U.S. at 161-62, 116 S. Ct. at 2080. A federal habeas petitioner has not exhausted his claims if he has the right to raise the claim, "by any available procedure," in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2005). Therefore, if it is clear that the habeas petitioner's claims are now procedurally barred under state law, the claim is exhausted by virtue of the petitioner's procedural default of the claim.

Procedural default occurs when a petitioner has never properly presented a claim in state court and is now barred from doing so by state court procedural rules. See Castille, 489 U.S. at 351-52; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right

-11-

court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review."). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Wells v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Defendants do not assert Petitioner has further remedies to exhaust his federal habeas claims in the state courts. Because Arizona's rules of criminal procedure bar Petitioner from now returning to state court to exhaust his federal habeas claims, Petitioner has exhausted, but procedurally defaulted these claims. See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2003). Because the procedural bar that satisfies the exhaustion requirement in this matter, i.e., Rule 32.2, Arizona Rules of Criminal Procedure, also provides an independent and adequate state-law basis for upholding a petitioner's convictions and sentences, the Court need not review the merits of Petitioner's procedurally defaulted claims unless he can demonstrate cause for his failure to follow reasonable state procedures for fair presentment of his claims and prejudice arising from his procedural default of the claims. See Gray, 518 U.S. at 161-62, 116 S. Ct. at 2080; Murray, 477 U.S. at 485, 106 S. Ct. at 2643.

1  See also Stewart v. Smith, 536 U.S. 856, 860-61, 122 S. Ct. 2578, 2581-82 (2002) (concluding that a state court's finding that a post-conviction claim was barred as waived, pursuant to Rule 32.2(a)(3), was a decision independent of federal law and adequate to bar federal review of state prisoner's federal habeas claim on the merits).[6]

"Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some objective factor external to the defense which impeded his efforts to comply with the state's procedural rules. See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). The Supreme Court has explained that "a showing that the factual or legal basis for a claim was not reasonably available..., or that some interference by officials made compliance impracticable would constitute cause under this standard." Murray, 477 U.S. at 488, 106 S. Ct. at 2645.

Petitioner has not shown cause for, nor prejudice arising from, his procedural default of his claims in the state courts.

---

[6] Review is also appropriate if the petitioner demonstrates that habeas review is necessary to prevent a fundamental miscarriage of justice. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649. A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is actually innocent. See id.

-13-

**III Conclusion**

Petitioner's federal habeas petition was not timely filed because the applicable statute of limitations ran for more than 365 days from the date that Petitioner's conviction became final until the time he filed his federal habeas petition, absent statutory tolling of the time that Petitioner had properly filed applications for state post-conviction relief pending in the Arizona courts. Petitioner has not shown that he is entitled to equitable tolling of the statute of limitations.

Additionally, Petitioner did not properly exhaust his federal habeas claims by fairly presenting them to the Arizona Court of Appeals as federal constitutional claims in a procedurally correct manner. Petitioner has procedurally defaulted the claims and has not shown cause for, nor prejudice arising from, his procedural default of these claims. Because Petitioner has not shown cause for, nor prejudice arising from, his procedural default of these claims, the claims may be denied.

**IT IS THEREFORE RECOMMENDED** that Mr. Alvarez' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 20th day of December, 2005.

_____
Mark E. Aspey
United States Magistrate Judge